NORTHERN PAC. R. CO. v. LYNCH.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1897.)

1. REVIEW ON ERROR—INSTRUCTIONS—NEGLIGENCE.
    While, in a simple case, involving only the issues of negligence of the defendant and contributory negligence of the plaintiff, it is better for the court to give a few terse and pointed instructions upon what constitutes the one and the other, yet if the instructions given are unnecessarily voluminous, and unnecessarily and improperly multiplied upon the same points, it is not permissible to select particular clauses, and consider them apart from their context, but the instructions must be taken as a whole, and if, so taken, the jury have been fairly instructed, no error can be justly affirmed.

2. NEGLIGENCE—INSTRUCTIONS.
    The instructions given in this case upon the questions of negligence and contributory negligence considered, and found unobjectionable.

In Error to the Circuit Court of the United States for the District of Montana.

Cullen & Too..., for plaintiff in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This was an action for damages for personal injuries sustained by the defendant in error by reason of a collision with one of the railroad company's trains in Montana at a point where the railroad track was crossed by a public highway. The case was here once before, and is reported in 16 C. C. A. 151, 69 Fed. 86. It is conceded that the facts as now presented are substantially the same as those presented on the former hearing. The defendant in error, who was the plaintiff in the court below, lived near the place of the accident, and was familiar with the crossing and with the running of the trains. The country was open and flat, and the accident occurred upon a clear and quiet day. The plaintiff had been to a blacksmith shop, going by the public road, and had crossed the railroad track in doing so. He returned by the same road, which for some distance ran parallel to the railroad track, and, when he

reached a point where the public road curves towards the railroad track to cross it, he saw a freight train approaching upon the main track of the railroad. There was a side track on the side from which the plaintiff was approaching, a distance of eight feet from the main track. Upon seeing the train the plaintiff pulled up his horses, which were trotting along at a 5 or 6 mile gait. He was at this time about 36 feet from the main track. He succeeded in getting the team stopped for an instant very close to the track, but the horses, becoming frightened, dashed upon the track, and the wagon was struck by the engine, from which the injuries complained of resulted. There were but two controverted questions in the case, —one, the negligence of the railroad company alleged by the plaintiff; and the other, the contributory negligence on the part of the plaintiff alleged by the defendant. On the former hearing of the case this court held that the question of the plaintiff's contributory negligence was a question for the jury to determine, under, of course, appropriate instructions. That ruling has become the law of the case, and is not here open to argument. The only questions properly presented upon the present hearing relate to the giving and refusal to give by the court certain instructions to the jury. The case was a very simple one, requiring very few instructions; and yet a large number were requested by both plaintiff and defendant, many of which were given by the court, and some of which were refused. It would have been in this, as in all similar cases, far better for the court to have given a few terse and pointed instructions upon the subject of what constituted negligence upon the part of the defendant and contributory negligence upon the part of the plaintiff, with instructions as to the proper consequences to flow from the findings of the jury upon those questions. Still, where instructions are unnecessarily voluminous, and are unnecessarily and improperly multiplied upon the same points, it is not permissible to select any particular clause or particular clauses, and consider them, unconnected with their context. In every case the instructions must be taken as a whole, and if, so taken, the jury have been fairly instructed in the law governing the particular case, no error in such instructions can be justly affirmed. A careful consideration of the instructions given by the court below in the present case leads to the conclusion that the law properly applicable to the case was clearly enough given, and that the defendant in error could not have been prejudiced by them, or by the refusal to give others. The court below instructed the jury that under the statute of Montana it was the duty of the defendant company, in approaching the crossing in question, to sound the whistle and ring the bell within not less than 50 nor more than 80 rods from the crossing, and that a failure on the part of the employés of the defendant company in charge of the train that inflicted the injury to the plaintiff to do so would constitute negligence on the company's part for which the company would be liable, in the absence of contributory negligence on the part of the plaintiff, and that it was for the jury to say whether the evidence showed that the defendant was guilty of negligence in not giving proper notice of the approach of its train to the crossing, or in letting off steam from the boiler, or in not exerting

proper efforts to stop the train upon discovering the imminent peril of the plaintiff. And, concerning the question of contributory negligence, the court instructed the jury, among other things, that if they should find from the evidence that the plaintiff was familiar with the crossing in question and its dangers (the evidence showing that he lived within a few hundred feet of it, and had so resided for many years), and that, under the circumstances appearing, he knew, or, as an ordinarily prudent man, ought to have known, the time when the train that did the damage was due, or that he knew, or, as an ordinarily prudent man, ought to have known, that trains were frequently passing over the crossing in question, and that in approaching the crossing on the occasion of the accident he failed to act as a prudent and cautious man should have acted, or that he omitted precautions that a prudent man ought to have taken, whereby he was injured, he could not recover from the defendant company; that it was incumbent upon the plaintiff to use all his faculties of seeing and hearing, and to listen, and also to look both ways to see if a train was approaching, and that it was his duty to approach the crossing cautiously and carefully, and to do everything that a reasonable man would do before he attempted to cross the railroad track. The jury were further instructed to—

"Note the character of the crossing; the fact that there was no difficulty of observation along the line of the railroad track; the time of day, and the probable danger from passing trains; the character of the weather; the fact that other persons, situated at a greater distance from the approaching train than the plaintiff, heard the whistle blow, and heard the rumble of the train as it approached,—and every fact and circumstance bearing on the case to clearly influence the plaintiff's conduct then and there, under those circumstances, and say, upon your fair and impartial judgment, whether he acted as a man of ordinary prudence should have acted, and with the due care and caution demanded by the exigencies of the occasion. If he did not so act, the railroad company is entitled to your verdict, whether it was negligent or not."

The court, in another place, told the jury that to constitute contributory negligence there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury. We are of opinion that the plaintiff in error has no valid ground to complain that the jury was not sufficiently instructed upon the question of contributory negligence.

In the course of its charge the court below said:

"The defendant railroad company presents two theories as to how this injury occurred: One is that plaintiff, Lynch, was driving his team down to the said crossing, intending to cross the same ahead of the train, and did not calculate accurately the speed of the train, and, on account of this miscalculation, got injured. The other is that plaintiff approached the railroad crossing without having examined the railroad, and for some reason was oblivious of the approach of the train until it was upon him."

Counsel for the plaintiff in error assert that there was "absolutely nothing either in the pleadings or the proof upon which to base" this statement, and they contend that it constitutes reversible error. The record does not sustain counsel's assertions in this respect, for in the defendant's answer it is alleged that:

"The said plaintiff, wholly disregarding his duty as an ordinarily prudent man, recklessly, carelessly, and negligently drove his horses, with a wagon attached

thereto, up to and upon said railroad track, and attempted to make said crossing, and caused the collision which resulted in the accident complained of."

This allegation clearly justifies the statement made by the court that one of the theories of the defendant was that it was the intention of the plaintiff to cross the track ahead of the train, but that he miscalculated its speed, and as a consequence was injured. Further justification for that statement is found in the testimony of the plaintiff himself, and also in that of the witness McGowan, where they give it as their impression that the plaintiff struck one of his horses with the line just before the engine reached the crossing, in order to get across the track ahead of the train. In the cross-examination of the witness Bowling, the defendant brought out this statement from the witness:

"There was nothing to obstruct the view between me and the accident, and nothing to prevent Mr. Lynch from seeing the train. I did not see him turn his head to look for the train, and he did not stop at any point to listen for it until he stopped near the edge of the rail."

And the witness Welsh, upon cross-examination by the defendant, testified:

"If I had been looking for the train, I could have seen it coming for a couple of miles. It was a clear, nice day; no wind blowing, to speak of. After leaving the culvert the team was traveling at about the same speed as when I saw them. They were trotting. Mr. Lynch seemed to be looking straight ahead, at his horses. The horses trotted up to within a short distance of the side track. I think they had their heads close over the rails when they stopped. They stopped merely an instant. Just stopped good when they made a jump."

This testimony brought out by the defendant would seem to justify the court in stating that one of the theories of the defendant was that the plaintiff seemed oblivious to the approach of the train until it was upon him. The judgment is affirmed.